PER CURIAM.
Randalyn Bailey seeks review of her judgment and sentence for second-degree murder with a firearm, robbery with a firearm, and burglary of a dwelling with an assault or battery. This is another case in which we must reverse based on our decision in Powell v. State, 969 So.2d 1060 (Fla. 2d DCA 2007), in which we held that the standard Tampa Police Department Form 310 Miranda[1] warnings were deficient because they did not inform the defendant of the right to have counsel present during questioning. Our reversal on this basis renders Bailey’s challenge to the denial of her motion for mistrial moot.
Bailey was charged with first-degree murder, robbery with a firearm, and burglary of a dwelling with an assault or battery. Prior to trial, Bailey filed a motion to suppress statements she made to police officers. The trial court granted the motion regarding certain statements made at the time Bailey was initially detained and denied the remainder of the motion. A jury found Bailey guilty of the lesser-included offense of second-degree murder with a firearm, and guilty as charged for robbery with a firearm and burglary of a dwelling with an assault or battery.
On appeal Bailey argues that the trial court erred in denying her motion to suppress. Bailey’s motion to suppress addressed three different “statements” she made to police officers. First, Bailey argued that the statements she made to Deputies Stutter and Gause and Detective Sandoval shortly after her arrest on August 31, 2003, should be suppressed because they were obtained during the course of an illegal stop and arrest. The trial court granted Bailey’s motion to suppress the statements made to Deputies Stutter and Gause and Detective Sandoval on August 31 until Bailey revealed that there was a probation warrant out for her. The State has not appealed this ruling, and it is therefore affirmed.
Second, Bailey argued that the statements she made to Detectives Duran and Drabiniak at the police station in Arcadia on August 31, 2003, should be suppressed because the Miranda warnings read to her were deficient. The warnings stated, “You have the right to talk to a lawyer before *638 answering any of our questions,” but did not expressly inform Bailey that she had the right to talk to a lawyer during questioning. The trial court denied Bailey’s motion to suppress these statements. While the trial court did not have the benefit of this court’s recent decision in Powell, the decision clearly requires reversal of the court’s denial of the motion to suppress statements Bailey made to Detectives Duran and Drabiniak at the police station in Arcadia on August 31, 2003. See Powell, 969 So.2d at 1067.
Third, Bailey argued that the statements she made to Detectives Shegstad, Redwine, and Drabiniak en route to the police station in Tampa on September 3, 2003, should be suppressed because she was not read any Miranda warnings prior to being questioned. The trial court also denied Bailey’s motion to suppress these statements. On appeal, the State does not dispute that Bailey was entitled to Miranda warnings on September 3 but argues that the original Miranda warnings were sufficient to apprise Bailey of her right to counsel three days later. Even accepting this dubious assertion, the initial Miranda warnings were legally insufficient under Powell. See Powell, 969 So.2d at 1067. Therefore, Powell also requires reversal of the court’s denial of the motion to suppress statements Bailey made to Detectives Shegstad, Redwine, and Dra-biniak en route to the police station in Tampa on September 3, 2003.
As we did in Powell, we certify the following question as one of great public importance pursuant to article V, section 3(b)(4), of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES THE FAILURE TO PROVIDE EXPRESS ADVICE OF THE RIGHT TO THE PRESENCE OF COUNSEL DURING QUESTIONING VITIATE MIRANDA WARNINGS WHICH ADVISE OF BOTH (A) THE RIGHT TO TALK TO A LAWYER “BEFORE QUESTIONING” AND (B) THE “RIGHT TO USE” THE RIGHT TO CONSULT A LAWYER “AT ANY TIME” DURING QUESTIONING?
Affirmed in part, reversed in part, and remanded.
ORTHCUTT, C.J., and STRINGER, JJ., Concur.
VILLANTI, J., Concurs specially.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).